UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-_____-CIV-X/X

| | |
|---|---|
| **Jesus A. Melendez** and **Daniel Betancourt**, each individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**G4S Secure Solutions (USA) Inc.,** a Florida limited liability company,<br><br>Defendant. | CLASS REPRESENTATION |

# FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiffs Jesus A. Melendez and Daniel Betancourt, each individually and on behalf of others similarly situated, sue Defendant, G4S Secure Solutions (USA) Inc. (hereinafter "G4S Security"), and allege:

## JURISDICTIONAL ALLEGATIONS

1. This lawsuit is an action to recover money damages for unpaid overtime wages, brought under the Fair Labor Standards Act, 29 U.S.C., §§201-219 ("FLSA") and for unpaid wages and other relief under the Miami-Dade County, FL Code of Ordinances, including the Living Wage Ordinance for County Service Contracts and County Employees ("Living Wage Ordinance"). This Court enjoys jurisdiction pursuant to 28 U.S.C. §§1331, 1337, and 1367, as well as under the authority of the FLSA, 29 U.S.C., §216 and the "Living Wage Ordinance", Section 2-8.9.

## PARTIES

2.     Plaintiff Jesus A. Melendez ("Melendez") worked as a security guard at Miami International Airport at a post there assigned to him by his employer: Defendant "G4S Security". He was employed by Defendant approximately five (5) years ending on or about October 21, 2019.

3.     Plaintiff Daniel Betancourt ("Betancourt") worked as a security guard at Miami International Airport at a post there assigned to him by his employer: Defendant "G4S Security". He was employed by Defendant from approximately January 2013 through approximately October 2019.

4.     Plaintiffs Melendez and Betancourt, together with any other person who may hereafter consent to join in this lawsuit, are respectively "employees" within the meaning of 29 U.S.C. §203(e). Moreover, Plaintiffs and others similarly situated are "covered employees" within the meaning of the "Living Wage Ordinance", Section 2-8.9.

5.     Defendant "G4S Security" is part of a conglomerate of related entities and individuals which "work collaboratively to deliver security solutions" to its customers. (https://www.g4s.com/en-us/contact-us/our-businesses). Said entities often operate using various forms of the moniker "G4S". The conglomerate of related entities and individuals may be jointly referred to hereafter as "Employer", "Defendant", or "G4S Security".

6.     Defendant "G4S Security" is a "person" and "employer" within the meaning of the FLSA, 29 U.S.C. §203 (a) and (d).

7.     Defendant "G4S Security" – individually and through its related conglomerate of related entities and individuals – is an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. §203(s).

8. Defendant "G4S Security" is, and at all times material to this action was, an organization which sells and/or markets and/or transports services and/or goods to customers in Florida and across state lines. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

9. By reason of the foregoing, the Employer is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA. 29 U.S.C. §§ 203(r) and 203(s). Moreover, the named Plaintiffs, and others similarly situated, were individually engaged in commerce within the meaning of the FLSA by virtue of the nature of the work they performed.

10. Defendant "G4S Security" – individually and including its conglomerate of related entities and individuals who aided or abetted G4S – is also a "Covered Employer", "Service Contractor" and/or directly or indirectly, a provider of "goods or services" to the political subdivision known as Miami-Dade County, Florida, as those terms are defined by the "Living Wage Ordinance", Section 2-8.9.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

11. The Plaintiffs are similarly situated to other persons employed by the Employer in that all putative class members worked at Miami International Airport and were required to be paid at a premium hourly rate for all hours worked in excess of forty (40) in a workweek. The premium rate due to be timely paid to Plaintiff and others for every overtime hour worked is 1.5 times the regular effective hourly rate of pay, during any part of the preceding three-year period commencing upon the filing of this lawsuit.

12. The Employer failed to pay the required premium overtime rate of pay, by miscalculating the regular base hourly rate of pay, and by either not paying for all overtime hours worked, and/or paying for overtime hours at less than the premium rate required by the FLSA.

**ATTORNEY'S FEES**

13. Plaintiffs have engaged the services of the undersigned attorneys and have agreed to pay a reasonable attorney's fee for their services.

**ENTITLEMENT TO ATTORNEY'S FEES**

14. Plaintiffs – and others similarly situated – are entitled to an award of prevailing party attorney's fees and costs pursuant to the FLSA, 29 U.S.C. § 216(b), Florida Statute §448, and the "Living Wage Ordinance", Section 2-8.9.

**– COUNT I –**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(Failure to Pay Overtime Wages)**

Plaintiffs, individually and on behalf of others similarly situated, re-allege ¶¶ 1-14 as though fully set forth here.

15. At all times during their employment, Plaintiffs, and those similarly situated, were covered employees of the Employer and required by law to be paid at the rate of one-and-half times their regular effective hourly rate for all hours he worked in excess of forty during any given workweek.

16. Plaintiffs regularly worked overtime hours, but their overtime hours were routinely and systematically not paid at the applicable premium rate, as required, or at all.

17. Other current and former similarly situated employees of the Employer, were also not paid overtime wages as required by law.

18. At all times material to this action, the Employer failed to comply with 29 U.S.C. Sections 201-219; 29 C.F.R., Part 516 – Records to be Kept, and; 29 C.F.R. Part 778 – Overtime Compensation, as well as other applicable authority in that Plaintiffs and those similarly situated performed services and worked in excess of the maximum hours provided by the FLSA, but no adequate provision was made by the Employer to properly pay them at the premium rate, or at all, for hours worked in excess of forty (40) hours per workweek.

19. The Employer failed to pay overtime compensation to Plaintiffs, and those similarly situated, based upon factors to include the following: (a) the Employer failed to properly use the applicable base rate of pay in calculating the overtime premium payment due; (b) the Employer failed to timely pay Plaintiffs for all overtime hours they worked; (c) the Employer failed to maintain the types of books and records and policies necessary for enforcement of the FLSA's hourly wage requirements; (d) the Employer failed to timely disburse the correct overtime compensation due on the regularly scheduled payday for the corresponding workweek.

20. The Employer knew and/or showed a reckless disregard for the provisions of the FLSA concerning the payment of overtime wages and remains owing to Plaintiffs and other similarly situated employees overtime wages due from the commencement of the statutory period beginning October 2017, and as a result, Plaintiffs are entitled to recover liquidated damages equal to the amount of their unpaid or late paid overtime wages due for that period.

WHEREFORE, Plaintiffs and others similarly situated request all unpaid overtime wages, liquidated damages and reasonable attorney's fees and costs from Defendant, pursuant to the Fair Labor Standards Act. In the event that Plaintiffs and those similarly situated employees do not recover liquidated damages, then Plaintiffs and those similarly situated seek an award of

prejudgment interest for the unpaid overtime compensation and any and all other relief which this Court may deem reasonable under the circumstances.

## – COUNT II –
## VIOLATION OF THE MIAMI-DADE COUNTY LIVING WAGE ORDINANCE
**(Failure to Pay Minimum Living Wage)**

Plaintiffs, individually and on behalf of others similarly situated, re-alleges ¶¶ 1-14 as though fully set forth here.

21. At all times during their employment, Plaintiffs Melendez and Betancourt, and others similarly situated were covered employees for purposes of the Miami-Dade County Living Wage Ordinance, and as such were required to be paid a living minimum wage as defined by the "Living Wage Ordinance", §2-8.9.

22. The Employer violated the Living Wage Ordinance, by failing to timely pay Plaintiffs and others the amounts due to be paid under the "Living Wage Ordinance".

23. The Living Wage Ordinance provides relief by way of a private right of action against employers who fail to pay covered employees in accordance with its terms.

WHEREFORE, Plaintiffs and others similarly situated demand the following: payment of all accrued unpaid back wages, wage restitution, benefits, damages, liquidated sanctions, and attorney's fees and costs, together with any other relief available under the ordinance, including the imposition of an appropriate sanction on the employer, including persons aiding and abetting the Employer, to include wage restitution and damages to Plaintiffs, equal to five hundred dollars ($500) for each week that each employer is found to have violated the Living Wage Ordinance, plus all other relief available under the Living Wage Ordinance.

## – COUNT III –
## QUANTUM MERUIT

Plaintiffs adopt and incorporate by reference ¶¶ 1 - 14 as though fully set forth herein.

24. During the period of their employment, Plaintiffs and others similarly situated provided labor and services in accordance with Defendant's request, in exchange for an agreed upon price for the provision of those services which was represented to be the minimum Living Wage set forth in the "Living Wage Ordinance", Section 2-8.9.

25. Defendant agreed to pay the minimum Living Wage set forth by the "Living Wage Ordinance", Section 2-8.9, and accepted the Plaintiffs' services based upon that representation, but then failed to pay said Living Wage throughout periods of Plaintiffs' employment.

26. Defendant was aware that Plaintiffs expected to be compensated at the minimum living wage set forth in the "Living Wage Ordinance", Section 2-8.9 and related notices.

27. Defendant was unjustly enriched by the failure to compensate at the rate set forth in the "Living Wage Ordinance", Section 2-8.9.

WHEREFORE, Plaintiffs and others similarly situated demand the following: payment of all accrued unpaid back wages, wage restitution, benefits, damages, liquidated sanctions, and attorney's fees and costs, together with any other relief available under the ordinance or at comm0n law.

## JURY DEMAND

28. Plaintiffs and other similarly situated demand trial by jury of all issues, claims and defenses triable by jury as of right.

Dated: October 14, 2020

                                                                                                                                     **Anthony F. Sanchez, P.A.**
Attorneys for Plaintiffs
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.:   305-665-9211
Fax:   305-328-4842
Email:   afs@laborlawfla.com

By:   /s/ Anthony F. Sanchez
        Anthony F. Sanchez
        Florida Bar No. 789925