UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 20-24213-CIV-GRAHAM/McALILEY

**Jesus A. Melendez** and **Daniel Betancourt**, each individually and on behalf of others similarly situated,

    Plaintiffs,

vs.

**G4S Secure Solutions (USA) Inc.,** a Florida limited liability company,

    Defendant.

## JOINT SUPPLEMENTAL MOTION AND MEMORANDUM REGARDING THE PARTIES' JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT [DE 44]

Plaintiffs, Jesus Melendez and Daniel Betancourt, and Defendant G4S Secure Solutions (USA) Inc. (jointly hereinafter "the Parties"), pursuant to the Court's "Paperless Minute Entry" [DE 49], jointly submit the instant Supplemental Motion and Memorandum regarding their previously-filed "Joint Motion to Approve Settlement Agreement" [DE 44], as follows:

    **I.**    **INTRODUCTION AND PROCEDURAL BACKGROUND**

    1.    **The Complaint Alleges Statutory Wage Violations.** The Plaintiffs/Employees brought the above-captioned lawsuit against their former Employer in two counts, alleging statutory liability under the Fair Labor Standards Act ("FLSA") and under the Miami-Dade County Living Wage Ordinance ("Living Wage Ordinance"). DE 14. The Plaintiffs are former security guard employees of Defendant G4S Secure Solutions (USA) Inc. (hereinafter "G4S" or "Employer"). Plaintiffs alleged that their former employer failed to correctly calculate and pay their earned overtime wages during a specific contiguous 54-week period of their employment, in

violation of the FLSA. Plaintiffs also alleged that the Employer failed to pay them at the minimum wage rate required by the Living Wage Ordinance, which in turn resulted in the Employer using an unlawfully low base rate of pay when calculating the overtime premium rate due under the FLSA for overtime hours worked.

2. In their Complaint, the Plaintiffs specifically alleged that they engaged an attorney to represent them and agreed to pay said attorney a reasonable fee for those services. DE 14, ¶ 19. The Plaintiffs also specifically alleged their entitlement to an award of attorney's fees payable by their Employer under both the FLSA and the Living Wage Ordinance. DE 14, ¶ 20. However, under the proposed settlement, all of Plaintiffs' attorney's fees and costs are paid by the Defendant as contemplated under the FLSA. The Plaintiffs pay no fees and costs, and they recover the full measure of their FLSA claims.

3. **Statutory Basis for Fee and Cost Recovery.** Both the FLSA and the Living Wage Ordinance include fee shifting provisions in favor of employees who invoke those statutes in order to collect their wages. The statutory basis for an award of attorney's fees under the FLSA is provided by 29 U.S.C. § 216(b); the basis for an award of attorney's fees under the Living Wage Ordinance is provided under § 2-8.9 of the Miami-Dade County Code of Ordinances. Under the FLSA, an award of fees and costs is mandatory and forms part of the Plaintiffs' claim. *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987).

4. **Settlement.** The Parties to this lawsuit entered into a settlement in order to resolve all issues between them. In doing so, the Parties agreed to the wage and damages portion of the claims separately from the attorney's fees and costs portions of the claims. See DE 44, p. 4: 7-16.

    a. **Settlement of Statutory Wages and Damages**. Although the Employer denied the allegations of the Complaint and does not admit liability, the Employer

ultimately agreed to settle this case by paying Plaintiffs 100% of their respective claims for unpaid overtime wages and liquidated damages under the FLSA. See original Joint Motion for Approval of Settlement [DE 44, p. 2]; *Cf.* Plaintiffs Statement of Claim [DE 10, p. 3]. In addition, the Employer agreed to pay Plaintiffs 100% of the Plaintiffs' alleged unpaid minimum wages under the Living Wage Ordinance. *Id*. In addition, the Employer agreed to pay an additional $2,781.08 to each Plaintiff under the Living Wage Ordinance, which specifically permits (but does not require) a supplemental wage restitution payment, payable directly to the Plaintiffs of up to $500.00 "for each week each employer is found to have violated" the ordinance. *Id*. Under the settlement, the Plaintiffs receive all of the above mentioned consideration in full, net, without compromise. No part of the Plaintiffs' recovery goes toward the payment of Plaintiffs' fees and costs. The Plaintiffs are made whole and the Employer pays Plaintiffs' attorney's fees, as contemplated by both the FLSA and the Living Wage Ordinance.

    b. **Settlement of Plaintiffs' Claims for Statutory Fees and Costs**. In addition to the payment of allegedly unpaid wages and related liquidated damages, as described in ¶4a., above, the Employer also agrees to pay all of the Plaintiffs' attorney's fees and costs, in the total amount of $14,470.00. DE 44, p. 2: 17. This amount represents a compromised function of the lodestar calculation[1] and was negotiated by the Parties separately from the recovery of the Plaintiffs' wage and liquidated damages claims. DE

---

[1] /     A breakdown of the hours expended and the agreed rate for services rendered on Plaintiffs' behalf is filed on the docketed of this case. DE 47-5. A lodestar calculation is "strongly presumed to be reasonable." *Resolution Trust Corp. v. Hallmark Buildings, Inc.*, 996 F.2d 1144,1150 (11th Cir.1993); see also *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).

44, p. 2: 17. In fact, in filing their original Joint Motion to Approve the Settlement, the Parties jointly represented to the Court, as they do now:

> The Parties came to a separate resolution of Plaintiffs' attorney's fees and costs. The Parties reached this resolution without regard to the amount to be paid to Plaintiffs. Thus, Plaintiffs' counsel separately agreed upon an amount of attorney's fees, costs, and expenses that is far less than the amount that counsel would have requested in the event that counsel motioned the Court for fees using the Lodestar method. Given the nature of this case, the attorney's fee payment is reasonable because of the additional time expended early in the case, as well as the expertise required to litigate this matter.

DE 44, p. 4: 7-16.

5. In the Joint Motion to Approval Settlement Agreement, the Parties jointly provided the breakdown of the amounts described in ¶¶ 4(a) and (b), above [DE 44, p. 2].[2] Each Plaintiff receives 100% of their claimed FLSA wages and damages and 100% of their claimed unpaid Living Wages. The distribution of FLSA wages and damages to the Plaintiffs is uncompromised,

---

[2] / The breakdown is provided as follows:

**Plaintiff Melendez**
| | |
|---|---|
| Alleged FLSA Wages: | $1,220.64 |
| Alleged FLSA Liquidated Damages: | $1,220.64 |
| Alleged Unpaid Living Wages: | $645.00 |
| Liquidated Damages under LW Ord. sub (C): | $2781.08 ($51.5015 x 54) |
| Sub Total: | **$ 5,867.36** |

**Plaintiff Betancourt**
| | |
|---|---|
| Alleged FLSA Wages: | $589.90 |
| Alleged FLSA Liquidated Damages: | $589.90 |
| Alleged Unpaid Living Wages: | $588.80 |
| Liquidated Damages under LW Ord. sub (C): | $2781.08 ($51.5015 x 54) |
| Sub Total: | **$4,549.68** |

**Attorney's Fees and Costs:**                $14,470.00

DE 44, p. 2.

and no portion of the Plaintiffs' recovery is used for the payment of the statutory attorney's fees and costs, because in addition to the payment of wages and liquidated damages, the Employer also pays the Plaintiffs' attorney's fees and costs. The Plaintiffs are made whole and pay none of their own attorney's fees and costs.

6. Following the filing of the Parties' Joint Motion to Approve the Settlement, the Court issued its Notice of Court Practice Upon Settlement …[DE 46], and required that Plaintiffs file certain materials related to settlement, which the Plaintiffs accomplished by filing their Notice of Compliance. DE 47. This included filing copies of the settlement agreements [DE 47-1 and -2], the retainer agreements [DE 47-3 and -4], the time and cost log detailing services rendered by counsel for Plaintiffs through May 17, 2021, including his hourly rate [DE 47-5], and a pre-suit email between Plaintiff Melendez and Defendant [DE 47-6]. Thereafter, the Court scheduled a telephonic status conference regarding the Joint Motion, which status conference took place at June 30, 2021 at 2:00 p.m., with counsel for both Plaintiffs and counsel for Defendant in attendance.

7. **Status Conference**. During the telephonic status conference the Court asked Plaintiffs' counsel why the settlement distribution provided for disbursement of attorney's fees and costs in the amount of $14,470.00 -- as had been separately negotiated between the Parties on account of the fee shifting statues – rather than a contingency fee percent of the total recovery. Specifically, the Court inquired why the distribution of the negotiated attorney's fees and costs should not be 40% of the entire recovery, even where the "total recovery" included the separately negotiated reasonable attorney's fees and costs of $14,470.00.[3]

---

[3] / The Plaintiffs' fee agreement with their counsel provides in pertinent part as follows:

8. Undersigned counsel for the Plaintiffs explained that the attorney's fee and cost portion of the Plaintiffs' claims had been negotiated separately from the wage claims in accordance with best FLSA practices to avoid any tension between the payment of wages and the payment of fees. Indeed, scrutiny of the attorney's fee portion of a settlement is not required where the plaintiff's attorney's fees are agreed upon separately and without regard to the amount paid to the plaintiff. See *Wing v. Plann B Corp.*, 2012 WL 4746258, *4 (M.D.Fla. Sept. 17, 2012)("Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees," such that "there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs

---

> I hereby agree to pay for the attorneys' fees and costs of investigation, court costs and all other costs and expenses necessarily incurred in connection with this litigation. I understand that ANTHONY F. SANCHEZ, P.A. may apply for my reasonable attorneys' fees to be awarded by the Court payable directly from the Defendant(s). A motion for reasonable and/or taxable attorneys' fees and costs will be filed should a Final Judgment be entered against the Defendant(s), or a settlement agreement is reached which reserves for me the right to seek an award of attorneys' fees and costs payable from the Defendants. I acknowledge firm's hourly rate ($400.00 for attorneys and $150.00 for paralegals) to be reasonable for the services to be provided under the circumstances of this case, and I agree to be responsible for the payment of such a reasonable rate for the time expended in prosecuting my claim.

DE 47-3, p. 1:6-15. Elsewhere in the Authority to Represent Agreement, there is a provision that would provide for an attorney's fee factored at 40% of a total recovery, but this provision would only apply when the amount of attorney's fees are not separately negotiated as part of the settlement, as they are here, and only if the resulting percentage is greater than the lodestar calculation. See DE 47-3, p. 1:16-22. However, as a practical matter, the fee agreement is immaterial because the FLSA contemplates the payment of Plaintiffs' fees by the Employer. In FLSA cases "the determination of a reasonable fee is conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel." See *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009)(quoting *United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984). Moreover, a contingency fee tied to a percent of recovery is not appropriate to determine the reasonable fee in an FLSA case. See *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992)("we are satisfied… that the contingent fee approach is inappropriate under the FLSA…"). Under the settlement contemplated, the Plaintiffs do not pay **any** fees and costs, as these are borne entirely by the Employer by agreement, as contemplated by the fee shifting provision of the FLSA. The Plaintiffs do not pay any portion of their attorney's fees and costs and recover all of their FLSA claims.

to be paid to Plaintiff's counsel"…). Further, we explained that judicial oversight of FLSA settlements are not necessary where the Plaintiffs' FLSA claims are uncompromised, as they are here where Plaintiffs receive 100% of their wage and liquidated damages claims under the FLSA, plus all Living wages, and a supplemental payment. *See Pena v. Magaya Corp.,* No. 15-20499-CIV, 2015 WL 3791732, at *3 (S.D. Fla. June 17, 2015) ("Generally, pursuant to Lynn's Food Stores, Inc. v. U.S., 679 F2d 1350, 1354-55 (11th Cir. 1982), judicial review and approval of settlements in FLSA cases is necessary to give them final and binding effect. However, *Lynn's Food Stores* addresses judicial oversight of 'compromises' of FLSA claims. Lynn's Food Stores, Inc. v. U.S., 679 F2d at 1354-55. Here, Plaintiff has accepted an offer of full compensation on his claim. Thus, this case does not involve a compromise. Therefore, there is no need for judicial scrutiny here where Defendant presented Plaintiff with an offer of full relief and Plaintiff accepted Defendant's offer."). Moreover, the Parties agree the Plaintiff's attorney's fees and costs are reasonable, and they are not paid by the Plaintiffs.

9. When asked by the Court regarding the Employer's position, counsel for the Employer explained that Defendant was entirely in accord: the settlement makes Plaintiffs whole; the fee and cost portion of the settlement was separately negotiated between the Parties and was reasonable; Plaintiffs' recovery is not effected by the amount of attorney's fees Defendant agrees to pay in satisfaction of Plaintiffs' attorney fee and cost claims. The Plaintiffs are made whole and their attorney's fees and costs are paid for by the Employer, not Plaintiffs.

10. Following the status conference, the Court entered its Paperless Minute Entry [DE 49] advising that the Parties may file a joint supplemental motion regarding the issues discussed during the status conference. Accordingly, the Parties jointly submit the instant Supplemental

Motion and Supporting Memorandum Regarding their previously-filed Joint Motion to Approve Settlement Agreement.

## II.  JOINT MEMORANDUM OF LAW REGARDING APPROVAL OF FLSA SETTLEMENT INCLUDING NEGOTIATED SETTLEMENT OF STATUTORY FEES AND COSTS

The Parties have represented to the Court that the attorney's fee and cost portion of the settlement were negotiated separately from the Plaintiffs' underlying FLSA wage claims, and that those claims are in no way affected or diminished by the Defendant's payment of Plaintiffs' fees and costs. DE 44, p. 4: 7-16. On the contrary, under the settlement, Plaintiffs recover 100% of their FLSA claims and 100% of their claimed Living Wage Ordinance wages as well. Under these circumstances the Parties have presented to the Court a settlement which is entirely reasonable and fair, by definition. The settlement results in full payment of Plaintiffs' FLSA claims and the Court could approve the settlement under these circumstances. However, because the Plaintiffs are paid in full, scrutiny of the settlement under the *Lynn's Food Stores* case is not required.

> A.  **The Settlement is -- by Definition -- Fair and Reasonable Since the Plaintiffs Receive all of their FLSA Compensation and Defendants Pay all of the Plaintiffs' Fees and Costs by Agreement. Plaintiffs' Recovery under the FLSA is Not Diminished by Defendant's Payment of Plaintiffs' Fees and Costs.**

The underlying premise for the filing of the Joint Motion for Approval of the Settlement in this case lies in the fact that this case involves an overtime claim under the FLSA. Because the Plaintiffs' lawsuit includes a claim for unpaid overtime wages under the FLSA, the settlement is ostensibly subject to judicial scrutiny, to the extent that the settlement represents a compromise of disputed FLSA claims. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352 (11th Cir. 1982). Judicial oversight of FLSA settlements is designed to ensure that any compromise of FLSA claims occurs in an adversarial environment which is more likely to result in a reasonable compromise of

disputed issues of law or fact rather than a mere waiver of statutory rights. *Id*. at 1353-54. The need for judicial scrutiny is based upon the idea that "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Lynn's Food Stores,* 679 F.2d at 1352, quoting *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740, 101 S. Ct. 1437 (1981). When a covered employee agrees to accept less than his full FLSA claim, judicial scrutiny is necessary to determine whether the compromise represents a fair resolution of a bona fide dispute between the parties regarding FLSA coverage issues or the amount due under the Act, rather than a mere waiver of mandatory FLSA entitlements. *Lynn's Food Stores,* 679 F.2d at 1354. The FLSA contemplates that covered employees should receive their full wages plus liquidated damages without incurring any expense for legal fees or costs. *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009)(unpublished opinion)(citing *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Thus, covered employees may not waive their FLSA substantive right to recover overtime wages, liquidated damages, or to have their reasonable fees and costs paid by their employer.

Judicial scrutiny under *Lynn's Food Stores* includes the attorney fees and costs contemplated by settlement in FLSA cases precisely because a reasonable attorney's fee award is mandatory under the FLSA (29 U.S.C. § 216(b)), and because FLSA Plaintiffs do not have to pay *any* fees and costs under the FLSA's enforcement mechanism. Scrutiny of the attorney's fee portion of a proposed FLSA settlement is undertaken in order to ensure that counsel for the covered employees is compensated fairly and so that no conflict of interest arises between the payment of fees and the payment of the underlying FLSA entitlements. *Silva v. Miller*, 307 Fed. Appx.349, 351 (11th Cir. 2009)(citing *Lynn's Food Stores*, 679 F.2d at 1352). The payment of fees and costs under a settlement should not diminish the net recovery of wages and damages due under the

FLSA. Thus, FLSA settlements are subject to judicial scrutiny for fairness to the extent settlement represents a *compromise* of FLSA substantive rights. In this regard, the Court remains mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

Naturally, judicial scrutiny of FLSA settlements is **not** required when an employee's FLSA claims are resolved *without* compromise. When the Plaintiff's claims are uncompromised by the settlement (*i.e.* - when employees are paid the full measure of their FLSA claims), then the settlement is by definition reasonable since Plaintiffs are made whole and receive the full measure of their substantive FLSA entitlements. *See Pena v. Magaya Corp.,* No. 15-20499-CIV, 2015 WL 3791732, at *3 (S.D. Fla. June 17, 2015) ("Generally, pursuant to Lynn's Food Stores, Inc. v. U.S., 679 F2d 1350, 1354-55 (11th Cir. 1982), judicial review and approval of settlements in FLSA cases is necessary to give them final and binding effect. However, *Lynn's Food Stores* addresses judicial oversight of 'compromises' of FLSA claims. Lynn's Food Stores, Inc. v. U.S., 679 F2d at 1354-55. Here, Plaintiff has accepted an offer of full compensation on his claim. Thus, this case does not involve a compromise. Therefore, there is no need for judicial scrutiny here where Defendant presented Plaintiff with an offer of full relief and Plaintiff accepted Defendant's offer.").

In the case before the Court, the Plaintiffs' FLSA claims are entirely <u>un</u>compromised. Their former Employer has agreed to pay all of Plaintiffs' FLSA wage claims, all of their FLSA liquidated damage claims, and all of their attorney's fees and costs. Plaintiffs' recovery is complete and they pay no fees and costs, precisely as contemplated by the FLSA. In fact, in addition to the complete payment of all Plaintiffs' FLSA claims, Plaintiffs also receive all of their unpaid minimum wage claims under the county Living Wage Ordinance, and are even paid an additional sum on account of the optional supplemental restitution permitted under the Living Wage

Ordinance. "Living Wage Ordinance", Miami-Dade County, FL Code of Ordinances, Section 2-8.9, Sub-heading "*Compliance and Enforcement*", §C. The supplemental restitution Plaintiffs receive under the contemplated settlement is considerably greater than what would be the liquidated damage award if the same amount of unpaid minimum wages were claimed under the FLSA rather than under the Living Wage Ordinance. In other words, the Plaintiffs are made entirely whole by the settlement, Plaintiffs' FLSA claims are uncompromised, the settlement is by definition reasonable, and does not require judicial scrutiny. The settlement is reasonable by definition. In fact, the settlement is ideal and accomplished early in the case.

> **B.  The Plaintiffs' Attorney's Fees and Cost Portion of the Settlement is Also Fair and Reasonable. The Fees and Costs were Negotiated Separately and are paid by the Employer. As such the Amounts Paid on Account of Fees and Costs Need not be Scrutinized by the Court. Further, because the Amounts Paid on Account of Fees and Costs Do Not Diminish the Amounts Paid to Plaintiffs, and Plaintiffs Receive Full Compensation, Net of Attorney's Fees and Costs, the Payment of Fees and Costs is reasonable by Definition.**

As previously mentioned, the Plaintiffs' claims in this case are brought under a federal statute and a county ordinance, which each include fee shifting provisions providing for the payment of an employee's attorney's fees and costs by their Employer. Accordingly, the Court could ostensibly be required to determine the reasonable fees and costs which the Employer should pay on account of Plaintiffs' fees and costs. However, this requirement does not apply when the fees and cost to be paid by the Employer are negotiated by agreement, separately, from the Plaintiff's underlying claims. See *Wing v. Plann B Corp.*, 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012).

In the context of settlement of FLSA cases, the need to determine the amount of Plaintiffs' fees and costs to be paid by Defendant arises from the dual interest of ensuring that counsel for the covered employees is compensated fairly, and safeguarding that the employees' recovery of FLSA

wages and liquidated damages is not diminished by the amounts paid on account of Plaintiffs' fees and costs. *Silva v. Miller*, 307 Fed. Appx.349, 351 (11th Cir. 2009)(citing *Lynn's Food Stores*, 679 F.2d at 1352). Because FLSA rights are inalienable, the payment of fees and costs under an FLSA settlement should not diminish the Plaintiffs' net recovery under the FLSA. This is why parties to FLSA settlements typically negotiate the attorney's fee portion of the settlement separately from the wage and damages claims. By negotiating attorney's fees separately from the wage claims, the parties ensure that the employee's recovery of wages is not compromised by the payment of attorney's fees. Scrutiny of the reasonableness of a plaintiff's agreed upon attorney's fees is not required where the plaintiff's attorney's fee are agreed upon separately and without regard to the amount paid to the plaintiff. See *Wing v. Plann B Corp.*, 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012). In this case, the amounts to be paid on account of fees and costs are paid entirely by the Defendant, who has stipulated that the amount is fair and reasonable. DE 44, p. 4: 7-16. In any event, a contingency fee tied to a percentage of total recovery is not proper in FLSA cases.

      1.    **The Proposed Attorney Fee is Reasonable because it was Negotiated between Represented Parties in an Adversarial Context, and in Consideration of the Work Performed by the Attorneys.**

Normally, the starting point in setting any reasonable attorney's fee is determination of the "lodestar" figure — that is, the product of the number of hours reasonably expended to prosecute the lawsuit multiplied by a reasonable hourly rate for work performed by similarly-situated attorneys in the community. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); see also, *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Indeed a lodestar calculation "is itself strongly presumed to be reasonable." *Resolution Trust Corp. v. Hallmark Buildings, Inc.*, 996 F.2d 1144, 1150 (11th Cir.1993); see also *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). In this case the parties came to an agreement with respect to the

reasonable fee to be paid in consideration of the work undertaken by the attorneys who litigated this case. There is a strong presumption in favor of finding such agreements fair, particularly when the parties are represented by counsel. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). The fact that the Employer and Plaintiffs stipulate to what the reasonable fee should be establishes, almost by definition, that the stipulated amount of the fee is reasonable. In "…reviewing FLSA settlements under *Lynn's Food*, courts should be mindful of the strong presumption in favor of finding a settlement fair." *Parker v. Chuck Stevens Chevrolet of Atmore, Inc.*, 2013 WL 3818886, *2 (S.D. Ala. July 23, 2013)(citations and internal quotation marks omitted); see also *Wingrove v. D.A. Technologies, Inc.*, 2011 WL 7307626, *2 (N.D. Ga. Feb. 11, 2011)(recognizing "strong presumption" that FLSA settlements are fair and reasonable). Such deference is warranted because "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement" and "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Management Co.*, 715 F. Supp.2d 1222, 1227 (M.D. Fla. 2009).

However, a lodestar calculation is unnecessary when the reasonableness of the fee is negotiated separately from the underlying FLSA claims and paid by the Employer by agreement. Judicial oversight for fairness is not necessary where the Plaintiffs' claims are uncompromised, as they are here. *See Pena v. Magaya Corp.,* No. 15-20499-CIV, 2015 WL 3791732, at *3 (S.D. Fla. June 17, 2015). Further, "persuasive district court authority has deemed scrutiny of the reasonableness of plaintiff's agreed-upon attorney's fees to be unnecessary in an FLSA settlement where 'the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff,' except in circumstances where 'the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the

amount of fees paid to his attorney.'" *Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *7n. 4(S.D. Ala. Feb. 14, 2013)(quoting *Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (M.D.Fla.2009); and citing also *Wing v. Plann B Corp.*, 2012 WL 4746258, *4 (M.D.Fla. Sept. 17, 2012) (declining to examine reasonableness of attorney's fee payment in FLSA settlement where the FLSA claims were compromised, there was a reasonable basis for such compromise, and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees," such that "there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel")).

The Parties in this case have represented to the Court that the amount of attorney's fees and costs to be paid under the settlement was negotiated separately from the Plaintiffs' FLSA wage-related claims (including liquidated damages), and that the Plaintiffs' recovery is completely unaffected by the Employer's payment of Plaintiffs' attorney's fees and costs. DE 44, p. 4: 7-16. The party agreeing to pay the fee stipulates that the fee is reasonable. *Id*. The Plaintiffs recover the full amount of their FLSA wage-related claims, net. Plaintiffs pay no fees and costs. The fee agreed to be paid by the Employer is therefore reasonable.

> **2.    A Contingency Fee Tied to a Percent of Recovery is Not Proper for Determining the "reasonable fee" to be Paid by the Employer in an FLSA Case.**

Even if the Court were inclined to scrutinize the reasonableness of the separately negotiated fee agreed to between the parties, it is clear that a contingency fee tied to a percentage of the recovery is not proper in the context of FLSA cases. The FLSA makes the payment of Plaintiffs' "reasonable attorney's fee… and costs of the action" by the Employer mandatory. "Section 216(b) of Title 29 states that the court '*shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'"

*Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987)(emphasis in original). Supreme Court authority firmly establishes that courts have "adopted the lodestar approach as the centerpiece of attorney's fee awards," *Blanchard v. Bergerton*, 489 U.S. 87, 94 (1989). "[T]he determination of a reasonable fee is conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel." See *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009)(quoting *United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984); see also *Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp 2d 1259 (M.D. Fla. 2008). It would be "an abuse of discretion" for a trial court to forgo the lodestar approach and to calculate reasonable attorney's fees by adopting a contingency fee arrangement purporting to fix a fee award on a percentage of recovery. See *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992)("we are satisfied… that the contingent fee approach is inappropriate under the FLSA…"). "The language of the FLSA and case law interpreting it indicate that Congress intended that FLSA plaintiffs receive damages as well as reasonable attorney's fees from the defendant…. Having a forty percent contingency fee taken out of the award would contravene the intent" of the statute. *Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp 2d at 1263, citing *Maddrix v. Dize*, 153 F.2d 274, 275-76 ("the wronged employee should receive his full wages"); *United Slate, Tile & Composition Roofers v. G&M Roofing & Sheet Metal Co., Inc.*, 732 F2d 503-04 (6th Cir. 1984)("[T]he determination of a reasonable fee is conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel."); *Skidmore v. John J. Casale, Inc.*, 1600 F.2d 527, 531 (2d Cir. 1947)("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net….").

As the Parties have previously represented to the Court, the Parties agree that the fees and costs contemplated under the agreement are reasonable in light of the work performed by the attorneys. DE 44, p. 4: 7-16. Accordingly, the Court should approve the settlement, dismiss this case, and reserve jurisdiction to enforce the settlement.

### III. CONCLUSION

The settlement in this case is reasonable and does not require judicial scrutiny because it is undisputed that the Plaintiffs recover 100% of the claimed FLSA statutory entitlements, net of attorney's fees and costs. Relatedly, scrutiny of the amount Defendants agree to pay on account of Plaintiffs' attorney's fees and costs is unnecessary because they were negotiated separately from the underlying FLSA claims. Plaintiffs receive the full measure of their FLSA claims and pay no part of the attorney's fees and costs incurred on their behalf. In any event, a contingency fee tied to a percentage of the recovery is not proper in the context of FLSA cases, and any fixing of the statutory reasonable fee in FLSA cases is undertaken independent of retainer agreements between Plaintiffs and counsel. The statutory fee is paid by the employer by agreement. As such, the Court should approve the Parties' settlement, dismiss this case, and reserve jurisdiction to enforce settlement.

| | |
|---|---|
| By: /s/ Anthony F. Sanchez | By: /s/ J. Travis Mihelick |
| Anthony F. Sanchez, Esq. | J. Travis Mihelick, Esq. |
| Florida Bar No.: 789925 | *Admitted Pro Hac Vice* |
| Email: afs@laborlawfla.com | Michigan Bar No.: P73050 |
| Email: faz@laborlawfla.com | Email: travis.mihelick@dinsmore.com |
| ANTHONY F. SANCHEZ, P.A. | DINSMORE & SHOHL LLP |
| 6701 Sunset Drive, Suite 101 | 900 Wilshire Drive, Suite 300 |
| Miami, Florida 33143 | Troy, Michigan 48084 |
| Tel:   305-665-9211 | Tel:   248-203-1655 |
| | |
| ***Counsel for Plaintiffs*** | ***Counsel for Defendant*** |

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2021 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF and served on the parties listed in the Service List below in the manner indicated therein.

ANTHONY F. SANCHEZ, P.A.
ATTORNEYS FOR PLAINTIFFS
6701 SUNSET DRIVE, SUITE 101
MIAMI, FLORIDA 33143
TEL.: 305-665-9211
EMAIL: afs@laborlawfla.com

BY:   /s/ ANTHONY F. SANCHEZ
ANTHONY F. SANCHEZ
FLORIDA BAR No. 789925

## SERVICE LIST

Anthony F. Sanchez, Esq.
Florida Bar No.: 789925
Email: afs@laborlawfla.com
Email: faz@laborlawfla.com
**Counsel for Plaintiffs**
ANTHONY F. SANCHEZ, P.A.
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel:   305-665-9211
Fax:   305-328-4842

J. Travis Mihelick, Esq.
*Admitted Pro Hac Vice*
Michigan Bar No.: P73050
Email: travis.mihelick@dinsmore.com
**Counsel for Defendant**
DINSMORE & SHOHL LLP
900 Wilshire Drive, Suite 300
Troy, Michigan 48084
Tel:   248-203-1655
*Via Notice of Electronic Filing*

Kelly Eisenlohr-Moul, Esq.
Florida Bar No.: 1003246
Email: Kelly.Eisenlohr-Moul@dinsmore.com
Tucker C. Motta, Esq.
Florida Bar No.: 1126959
Email: tucker.motta@dinsmore.com
**Counsel for Defendant**
DINSMORE & SHOHL LLP
1100 Peachtree Street NE, Suite 950
Atlanta, Georgia 30309
Tel:   470-300-5337
*Via Notice of Electronic Filing*